**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**STEVEN SCOTT,**

                **Plaintiff,**

**-vs-**                                          **Case No. 6:11-cv-1775-Orl-18KRS**

**JOHN H. ADAMS, SR., et al.,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:** **November 8, 2011**

Plaintiff Steven Scott filed what purports to be a "Verified Criminal Complaint" against several individuals in their personal and official capacities and against the County of Orange, State of Florida and the United States of America. It appears that Scott is complaining about the sale of his property pursuant to a tax deed. He seeks leave to proceed *in forma pauperis*.

The complaint does not state probable cause to believe that any of the named Defendants violated the criminal statutes cited in the complaint. More importantly, the United States, not private citizens, prosecute federal crimes. *See Williams v. Univ. of Ala. Hospital*, 353 F. App'x 397, 398 (11th Cir. 2009). Therefore, I respectfully recommend that the complaint be **DISMISSED** as frivolous

pursuant to 28 U.S.C. § 1915(e) and the motion to proceed *in forma pauperis,* Doc. No. 2, be **DENIED.**

Scott also alleges in the caption of his complaint that he was deprived of constitutional rights under color of law in violation of 42 U.S.C. §§ 1983 and 1985. Doc. No. 1 at 1. Accordingly, the Court may give Scott leave to file an amended civil (not criminal) complaint alleging violation of those statutes and a renewed motion to proceed *in forma pauperis*. In amending, Scott must name as Defendants only those persons who are responsible for the alleged constitutional violations. Scott must state what rights under the Constitution, laws, or treaties of the United States have been violated. Scott must provide support in the statement of facts for the claimed violations.

Further, Scott should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in the alleged constitutional violation(s) in the body of the complaint. Scott should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Scott's constitutional rights(s) or directed such action and/or omission that resulted in such deprivation. Finally, Scott must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

Scott should also be aware that a municipality or county is not a "person" answerable to Scott in an action at law or a suit in equity under 42 U.S.C. § 1983, unless the actions of the municipality

or county rise to the level of a custom or official policy, or if the municipality or county tacitly authorizes the actions or displays deliberate indifference towards the misconduct. *Aldinger v. Howard*, 427 U.S. 1 (1976); *Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987).

Most importantly, if Scott intends to allege a <u>number</u> of <u>related</u> claims, then he must set forth each claim in a separate paragraph in the same complaint. However, if the claims are <u>not</u> <u>related</u> to the same basic issue or incident, then each claim must be addressed in a separate complaint.

Failure to file written objections to the proposed findings and recommendation contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 9, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy